**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELINE WEGNER, and as Personal Representative of the Estate of Ronile Russell; RONILE RUSSELL, Deceased, | No. 18-16278 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-01429-JCM-PAL |
| v. | MEMORANDUM[*] |
| WELLS FARGO BANK, N.A.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 21, 2020[**]
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,[***]
District Judge.

Plaintiff Jacqueline Wegner, personally, and in her role as the representative

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

of her mother's estate, appeals the district court's dismissal of her complaint alleging causes of action for defamation and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Wells Fargo and former Wells Fargo executives (the "Individual Defendants"). We review the dismissal of Wegner's complaint de novo. *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). In doing so, we take all allegations in the complaint as true and construe all facts in the light most favorable to the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. The district court properly dismissed Wegner's defamation claim against all Defendants as barred by the statute of limitations. Regardless of whether Nevada or California law applies, Wegner's claim—which was filed almost three years after Wegner became aware of the alleged defamatory statement—is barred. Nev. Rev. Stat. § 11.190(4)(c) (two-year statute of limitations); Cal. Civ. Proc. Code § 340(c) (one-year statute of limitations). And Wegner's argument that she is entitled tolling because she did not discover Wells Fargo's sales tactics until much later is without merit under both Nevada and California law. Wegner was on notice of the core facts supporting her defamation claim as of August 13, 2014; therefore, there are no grounds to toll the statute of limitations. *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *Graham v. Hansen*,

2

180 Cal. Rptr. 604, 609 (Cal. Ct. App. 1982).

2.      The district court also correctly dismissed Wegner's complaint as to the Individual Defendants for lack of personal jurisdiction.  Wegner does not argue that the Individual Defendants are subject to general or specific jurisdiction in Nevada.  Instead, she claims that RICO's nationwide jurisdiction provision in 18 U.S.C. § 1965(b) applies.  That provision does not apply in this case, however, because Wegner failed to allege facts sufficient to show that the court had personal jurisdiction over at least one of the participants in the alleged multi-district conspiracy, including via a theory of agency.  *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).  Nor has Wegner alleged facts showing there is no other district in which a court would have personal jurisdiction over all of the alleged co-conspirators.  *Id.*

3.      Finally, the district court correctly dismissed Wegner's RICO claims against all Defendants.  Wegner's first RICO cause of action was properly dismissed because it is based on defamation, which is not a predicate act under RICO.  18 U.S.C. § 1961(1).  And Wegner's remaining RICO claims, which all sound in fraud, do not contain allegations meeting the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

**AFFIRMED.**

3